COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER COUNTY | SUPERIOR COURT<br>CASE NO.: |

STEVEN FALCONER,

            Plaintiff,

   v.

NORTHBRIDGE PUBLIC SCHOOLS and
CATHERINE A. STICKNEY,

            Defendants.

## Complaint and Jury Demand

Plaintiff Steven Falconer ("Mr. Falconer") by and through his attorney, Steffans Legal LLC, states as follows for his complaint against Northbridge Public Schools and Catherine A. Stickney.

## Parties

1. Steven Falconer ("Mr. Falconer") is an individual residing at 115 Mason Road, Whitinsville, Massachusetts 01588.

2. Northbridge Public Schools ("NPS") is a public school district with administrative headquarters located at 87 Linwood Avenue, Whitinsville, Massachusetts 01588.

3. Catherine A. Stickney ("Ms. Stickney") is an individual residing in Milford, Massachusetts.

4. During all or part of the relevant period, Ms. Stickney was the highest ranking official at NPS and exerted substantial influence over its day-to-day operations, including as they related to Mr. Falconer's compensation.

## Facts

5. In or around June 2001, Mr. Falconer began his employment with NPS as a Network Technician.

6. On July 17, 2017, Mr. Falconer signed a three-year employment contract ("the Contract") with NPS.

7. Ms. Stickney signed that contract on behalf of NPS.

8. Section 10 of the Contract contains specific terms relative to its termination.

9. On May 21, 2018, NPS terminated Mr. Falconer in violation of the Contract.

10. Throughout his employment with NPS, Mr. Falconer was misclassified as an exempt employee and not paid overtime in violation of state and federal wage-and-hour laws.

11. Throughout his employment with NPS, Mr. Falconer understood his annual salary to be based on a standard forty-hour workweek.

12. Throughout his employment, Mr. Falconer typically worked in excess of fifty hours in a workweek in order to complete all of his job duties.

13. NPS failed to pay Mr. Falconer for all hours worked, including those in excess of forty in a workweek.

14. Mr. Falconer satisfied administrative prerequisites relative to the filing of this Complaint.

## Count 1 – Breach of Contract (Mr. Falconer v. NPS)

15. Mr. Falconer realleges each of his previous allegations.

16. Mr. Falconer and NPS were parties to the Contract, which specifically governed the circumstances under which he could be terminated.

17. NPS breached the Contract by terminating Mr. Falconer in violation of its terms.

18. As a result of NPS's breach, Mr. Falconer has incurred harm and loss, including lost wages.

**Count 2 – Breach of the Covenant of Good Faith and Fair Dealing (Mr. Falconer v. NPS)**

19. Mr. Falconer realleges each of his previous allegations.

20. The Contract between NPS and Mr. Falconer contained an implied covenant that neither party would do anything which would have the effect of destroying or injuring the right of the other party to receive the fruits of the Contract.

21. NPS breached this covenant.

22. As a result of NPS's breach, Mr. Falconer has incurred harm and loss, including lost wages.

**Count 3 – Violation of M.G.L. c. 151 §1A (Mr. Falconer v. NPS & Ms. Stickney)**

23. Mr. Falconer realleges each of his previous allegations.

24. NPS was an employer of Mr. Falconer within the meaning of the Massachusetts Overtime Act ("MOA").

25. During the course of his employment, NPS misclassified Mr. Falconer as an exempt employee for wage-and-hour purposes.

26. Ms. Stickney was also Mr. Falconer's employer within the meaning of the MOA because she was the highest ranking official at NPS and exerted substantial influence over its day-to-day operations, including as they related to Mr. Falconer's compensation.

27. As a result, Ms. Stickney is individually liable for NPS's violations of the MOA.

28. Mr. Falconer typically worked in excess of fifty hours in a workweek.

29. NPS failed to pay overtime for all hours worked in excess of forty in a workweek.

30. NPS's failure to pay Mr. Falconer overtime for all hours worked in excess of forty in a workweek violated the MOA.

31. Due to NPS's violation of the MOA, Mr. Falconer has incurred harm and loss and is entitled to recover from NPS unpaid overtime mandatorily trebled, reasonable attorney's fees, costs of the action, and pre-judgment and post-judgment interest.

### Count 4 – Violation of M.G.L. c. 149 §148 (Mr. Falconer v. NPS & Ms. Stickney)

32. Mr. Falconer realleges each of his previous allegations.

33. NPS was an employer of Mr. Falconer within the meaning of the Massachusetts Wage Act ("MWA").

34. During the course of his employment, NPS misclassified Mr. Falconer as an exempt employee for wage-and-hour purposes.

35. Ms. Stickney was also Mr. Falconer's employer within the meaning of the MWA because she was the highest ranking official at NPS and exerted substantial influence over its day-to-day operations, including as they related to Mr. Falconer's compensation.

36. NPS failed to pay Mr. Falconer the full amount of his earned wages when they became due and payable in violation of the MWA.

37. Due to NPS's violation of the MWA, Mr. Falconer has incurred harm and loss and is entitled to recover from NPS unpaid wages mandatorily trebled, reasonable attorney's fees, costs of the action, and pre-judgment and post-judgment interest.

### Count 5 – Violation of 29 U.S.C. §207(a) (Mr. Falconer v. NPS & Ms. Stickney)

38. Mr. Falconer realleges each of his previous allegations.

39. NPS was an employer of Mr. Falconer within the meaning of the Fair Labor Standards Act ("FLSA").

40. During the course of his employment, NPS misclassified Mr. Falconer as an exempt employee for wage-and-hour purposes.

41. NPS is subject to the coverage of the FLSA.

42. Ms. Stickney was also Mr. Falconer's employer within the meaning of the FLSA because she was the highest ranking official at NPS and exerted substantial influence over its day-to-day operations, including as they related to Mr. Falconer's compensation.

43. Mr. Falconer typically worked in excess of fifty hours in a workweek.

44. NPS failed to pay overtime for all hours worked in excess of forty in a workweek.

45. NPS's failure to pay Mr. Falconer overtime for all hours worked in excess of forty in a workweek violated the FLSA.

46. NPS's failure to pay overtime wages was either done willfully or with reckless disregard for the FLSA.

47. Due to NPS's violation of the FLSA, Mr. Falconer has incurred harm and loss and is entitled to recover unpaid overtime wages, liquidated damages, interest, attorney's fees, and the costs of this action.

## Count 6 – Unjust Enrichment (Mr. Falconer v. NPS)

48. Mr. Falconer realleges each of his previous allegations.

49. Mr. Falconer conferred a measurable benefit upon NPS through his work.

50. NPS accepted services from Mr. Falconer for which a reasonable person would have been expected to pay, and Mr. Falconer provided his services with the reasonable expectation of receiving compensation from NPS.

51. NPS did not compensate Mr. Falconer for all hours worked in a workweek.

52. It would be unjust for NPS to retain the benefit of Mr. Falconer's labor without compensating him for those services.

53.	As a result of NPS's violations of law as set forth above, Mr. Falconer has incurred harm and loss and is entitled to damages in an amount to be determined at trial.

### Request for Relief

Plaintiff respectfully requests this Court enter judgment that:

A.	Defendant Northbridge Public Schools is liable to Plaintiff Steven Falconer for the violations identified in this complaint;

B.	Defendant Catherine Stickney is liable to Plaintiff Steven Falconer for the violations identified in this complaint;

C.	Defendant Northbridge Public Schools and Catherine Stickney are jointly and severally liable to Plaintiff Steven Falconer for damages in an amount to be proven at trial, plus triple damages for unpaid wages and overtime, interest, costs, and attorney's fees; and

D.	Such other relief as this Court deems just and proper.

Respectfully submitted,

_____
Benjamin Knox Steffans (BBO# 568535)
STEFFANS LEGAL PLLC
7 North Street, Suite 307
Pittsfield, Massachusetts 01201
bsteffans@steffanslegal.com
**Attorney for Steven Falconer**

Date: February 14, 2019